**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 24-40-CFC |
| | ) |
| ASAAD AMIR HASUAN | ) |
| a/k/a DANTE FREDRICK | ) |
| DEBORAH DANIELSTUNSTILL | ) |
| DESTINEE LECOUNT | ) |
| AUDREY GIBBONS | ) |
| PENNY HUNTER | ) |
| BEVERLY FREDRICK | ) |
| LAKISHA EASTON | ) |
| JASMINE WARREN | ) |
| MANUEL JOSEPH ROCHA | ) |
| | ) |
| Defendants. | ) |

**UNOPPOSED MOTION FOR ENTRY OF
<u>PROTECTIVE ORDER GOVERNING DISCOVERY</u>**

Pursuant to Fed. R. Crim. P. 16(d), the United States of America, by Meredith C. Ruggles and Claudia L. Pare, Assistant United States Attorneys for the District of Delaware, moves for the entry of an unopposed protective order, and in support thereof states as follows:

1.  The above-captioned defendants are charged by Superseding Indictment with conspiracy to commit money laundering (Count One), in violation of Title 18, United States Code, Sections 1956(h) & 2.

2.  The following defendants are also charged with concealment money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i)

and 2: (i) ASAAD AMIR HASUAN a/k/a DANTE FREDRICK (Counts Two through Six, Eight and Nine); (ii) DEBORAH DANIELSTUNSTILL (Counts Two, Three, and Nine); (iii) PENNY HUNTER (Count Five and Eight); and (iv) BEVERLY FREDRICK (Counts Four and Six). Additionally, ASAAD AMIR HASUAN a/k/a DANTE FREDRICK and PENNY HUNTER are charged with spending money laundering (Count Seven), in violation of Title 18, United States Code, Sections 1957 and 2.

3. Defendant ASAAD AMIR HASUAN a/k/a DANTE FREDRICK is further charged with wire fraud (Count Ten), in violation of Title 18, United States Code, Sections 1343 and 2, and attempted Hobbs Act extortion (Count Eleven), in violation of Title 18, United States Code, Sections 1951 and 2.

4. The discovery to be provided by the government in this case includes certain material, the unrestricted dissemination of which could adversely affect law enforcement interests and the personal privacy interests and/or safety of victims, witnesses, and/or other third parties. Specifically, this material consists of law enforcement reports and documents, including financial records, containing personal identifiers of victims, witnesses, and/or other third parties including but not limited to their names, addresses, social security numbers, e-mail addresses, bank account numbers, credit and debit card numbers, and tax identification numbers (the "Sensitive Information"). The Sensitive Information also includes audio files,

including jail calls, in which the personal identifying information of victims, witnesses, and/or other third parties is discussed. The government wants to prevent the Sensitive Information from becoming publicly disseminated.

5. The government has discussed the proposed protective order with (i) counsel for ASAAD AMIR HASUAN a/k/a DANTE FREDRICK, James F. Brose, Esq., (ii) counsel for DEBORAH DANIELSTUNSTILL, Nina C. Spizer, Esq., (iii) counsel for DESTINEE LECOUNT, Stanley O. King, Esq., (iv) counsel for AUDREY GIBBONS, Megan J. Davies, Esq., (v) counsel for PENNY HUNTER, Janet Bateman, Esq., (vi) counsel for BEVERLY FREDRICK, Caroline Goldner Cinquanto, Esq., (vii) counsel for LAKISHA EASTON, Christopher S. Koyste, Esq., (viii) counsel for JASMINE WARREN, Steve Jarmon, Esq., and (ix) counsel for MANUEL JOSEPH ROCHA, Thomas Dreyer, Esq., none of whom oppose entry of the proposed order. However, Defense Counsel have requested, and the government concurs, that Defense Counsel have the right to revisit this issue with the Court if Defense Counsel believes it is in the best interest of his or her client.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order.

    Respectfully Submitted,

    DAVID C. WEISS
    UNITED STATES ATTORNEY

    By: */s/ Meredith C. Ruggles*
        Meredith C. Ruggles
        Claudia L. Pare
        Assistant United States Attorneys

Dated: December 12, 2024

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 24-40-CFC |
| ) | |
| ASAAD AMIR HASUAN ) | |
|   a/k/a DANTE FREDRICK ) | |
| DEBORAH DANIELSTUNSTILL ) | |
| DESTINEE LECOUNT ) | |
| AUDREY GIBBONS ) | |
| PENNY HUNTER ) | |
| BEVERLY FREDRICK ) | |
| LAKISHA EASTON ) | |
| JASMINE WARREN ) | |
| MANUEL JOSEPH ROCHA ) | |
| ) | |
|            Defendants. ) | |

### [PROPOSED] PROTECTIVE ORDER

Upon the unopposed motion of the United States, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Certain materials, specifically any and all materials (including documents and audio files) that contain (1) personal identification information of third parties, including but not limited to any social security number, date of birth, mailing address, electronic mail address, and/or phone number; and (2) sensitive financial information of third parties, including but not limited to any bank account

number, credit and debit card number and statements, tax identification number, federal or state tax return, business financial statement, personal financial statement and associated supporting items (the "Sensitive Information"), are subject to this protective order and may be used by the defendant and defendant's counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The defendant's counsel shall maintain sole custody and control over the Sensitive Information. The defendant's counsel may review the Sensitive Information with the defendant without restriction; provided, however, that defendant's counsel may **not** leave the Sensitive Information, or any summary, extract, or verbatim account of the Sensitive Information, in the defendant's custody or control.

3. The defendant and defendant's counsel shall not disclose the Sensitive Information directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Sensitive Information as necessary to

2

prepare the defense, but may not retain copies – or any summary, extract, or verbatim account – without prior permission of the Court.

4. The defendant, defendant's counsel, and Authorized Persons shall not copy or reproduce the Sensitive Information except in order to provide copies of the Sensitive Information for use in connection with this case by the defendant's counsel and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original Sensitive Information.

5. The defendant, defendant's counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Information, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original Sensitive Information.

6. Before providing Sensitive Information to an Authorized Person, the defendant's counsel must provide the Authorized Person with a copy of this Order.

7. Upon conclusion of all stages of this case, all Sensitive Information and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Sensitive Information may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any Sensitive Information. In the event that Sensitive Information is retained by defendant's counsel, the restrictions

3

of this Order continue in effect for as long as the Sensitive Information is so maintained, and the Sensitive Information may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any Sensitive Information is produced by the United States to the defendant or the defendant's counsel by mistake, the United States shall have the right to request the return of the Sensitive Information and shall do so in writing. Within five days of the receipt of such a request, the defendant and/or the defendant's counsel shall either: (1) return all Sensitive Information if in hard copy, and, in the case of electronic materials, shall certify in writing that all copies of the specified Sensitive Information have been deleted from any location in which the Sensitive Information was stored; or (2) state in writing to the United States the basis of any contention that the subject Sensitive Information should not be returned or deleted. In the event of a dispute arising under this Paragraph 8, the parties shall make good faith efforts to resolve such dispute before bringing the matter to the Court for resolution.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of Sensitive Information in judicial proceedings in this case.

4

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED:

_____
HONORABLE COLM F. CONNOLLY
CHIEF UNITED STATES DISTRICT JUDGE

Date: _____